**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-4103

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KASSAN OSHEA MOUZON,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:15-cr-00150-MOC-1)

Submitted: March 6, 2018                    Decided: March 28, 2018

Before NIEMEYER, MOTZ, and FLOYD, Circuit Judges.

Dismissed in part, affirmed in part by unpublished per curiam opinion.

Anthony Martinez, Federal Public Defender, Ann L. Hester, Assistant Federal Public Defender, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kassan Oshea Mouzon pleaded guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court sentenced Mouzon to 33 months of imprisonment, followed by 2 years of supervised release, and Mouzon now appeals. Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether the district court correctly concluded that Mouzon's prior North Carolina conviction for robbery with a dangerous weapon is a crime of violence under the Guidelines, but conceding that this argument is foreclosed by binding circuit precedent. Mouzon was advised of his right to file a pro se supplemental brief, but has not done so. For the reasons that follow, we dismiss the appeal in part and affirm in part.

During the pendency of this appeal, Mouzon was released from incarceration; counsel concedes that any challenge to the length of his incarceration is therefore moot. "[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *United States v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008) (internal quotation marks omitted). Upon the expiration of a defendant's sentence "some concrete and continuing injury other than the now-ended incarceration or parole— some collateral consequence of the conviction—must exist if the suit is to be maintained." *Id.* (internal quotation marks omitted). Because Mouzon has served his term of imprisonment, there is no longer a live controversy regarding the length of his confinement. Therefore, his challenge to the district court's decision to impose a 33-month term of imprisonment is moot.

We have examined the entire record in accordance with the requirements of *Anders* and have found no meritorious issues for appeal. Accordingly, we dismiss the appeal in so far as it challenges the length of Mouzon's confinement and affirm the judgment of the district court in all other respects. This court requires that counsel inform Mouzon, in writing, of the right to petition the Supreme Court of the United States for further review. If Mouzon requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Mouzon. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*